IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LISA PARKER, | 3:12-CV-00428-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,[1] | |
| Defendant. | |

**RICHARD F. MCGINTY**
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

       Attorneys for Plaintiff

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2114

        Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Lisa Parker seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act for the period before August 1, 2008.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

   For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for SSI and DIB on September 18, 2008, and alleged a disability onset date of June 15, 2005. Tr. 118, 121.[2] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 22, 2010. Tr. 26-59. At the hearing, Plaintiff was represented by an attorney. Plaintiff, a lay witness, and a vocational expert (VE) testified.

The ALJ issued a decision on October 25, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 10-19. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on February 7, 2013, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on August 25, 1964, and was 46 years old at the time of the hearing. Tr. 60. Plaintiff has a high-school education. Tr. 32. Plaintiff has past relevant work experience as a lumber mill clean-up worker. Tr. 17.

Plaintiff alleges disability due to lower-back problems, panic attacks, high blood pressure, and heart problems. Tr. 158.

---

[2] Citations to the official transcript of record filed by the Commissioner on July 17, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 19, 15-16.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

I.  **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See*

5 - OPINION AND ORDER

*also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require

complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her June 15, 2005, onset

7 - OPINION AND ORDER

date.  Tr. 12.

At Step Two the ALJ found Plaintiff has the severe impairments of chronic back pain and a panic disorder.  Tr. 12.  The ALJ found Plaintiff's high blood pressure and heart problems are not severe impairments.  Tr. 12.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform "less than light work."  Tr. 14.  The ALJ found Plaintiff is limited to unskilled work and only occasional contact with the public.  Tr. 14.  The ALJ found Plaintiff can stand and walk four hours in an eight-hour work day, but she should not squat, climb stairs, or be exposed to work hazards.  Tr. 14.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work.  Tr. 17.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 17.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed at Step Two to specify the extent to which Plaintiff's back pain was caused by degenerative disk disease rather than her obesity;

8 - OPINION AND ORDER

(2) improperly gave "some weight" to the opinion of Paul Betlinski, M.D., treating physician; (3) found at Step Four that Plaintiff "needed to be up and moving to relieve her pain"; and (4) found at Step Five that Plaintiff could do other jobs existing in significant numbers in the economy.

**I.    The alleged error by the ALJ at Step Two was harmless.**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

As noted, the ALJ found Plaintiff has the severe impairments of chronic back pain and a panic disorder. Plaintiff, however,

9 - OPINION AND ORDER

asserts the ALJ erred at Step Two when he failed to specify the extent to which Plaintiff's back pain was caused by degenerative disk disease rather than her obesity.

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).  In any event, Plaintiff does not cite any authority that requires the ALJ to apportion causation to the plaintiff's various impairments for each of a plaintiff's limitations.

Accordingly, because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ at Step Two is harmless.

**II.  The ALJ did not err when he gave "some weight" to the opinion of Dr. Betlinski.**

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for giving only "some weight" to the opinion of Dr. Betlinski, Plaintiff's treating physician.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957

10 - OPINION AND ORDER

(9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

On June 25, 2010, Dr. Betlinski completed a form setting out Plaintiff's impairments and his opinion as to their effect on Plaintiff's ability to perform work during the relevant period.  Tr. 372-73.  Dr. Betlinski reported Plaintiff suffers from degenerative disk disease with radiculopathy.  Tr. 372.  Dr. Betlinski opined Plaintiff "would have decreased physical endurance in those activities that require the use of the low back muscles" due to "the initial disk extrusion and secondary deconditioning of the low back muscles."  Tr. 372.  Dr. Betlinski noted "it can be assumed the . . . pain effect of [Plaintiff's] condition will allow the pain to wax and wane, leading to decreased dependability to maintain a consistent work program."  Tr. 372.  Dr. Betlinski, however, declined to complete the Functional Assessment of Work-Related Physical Activities form provided by Plaintiff's counsel because he "really [did] not know how to answer the questions in any objective manner."  Tr. 373.

The ALJ gave "some weight" to Dr. Betlinski's June 25, 2010, but he did not credit Dr. Betlinski's "assumption" that

11 - OPINION AND ORDER

Plaintiff's pain would cause "decreased dependability to maintain a consistent work program" on the grounds that Plaintiff repeatedly reported her pain symptoms were manageable with pain medication and that activity decreased her pain. Tr. 17, 239, 249, 367, 369, 372, 376. The Court notes an ALJ may consider the effectiveness of a plaintiff's medication when evaluating a plaintiff's impairments. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

Dr. Betlinski also prefaced his opinion by noting that he "assumed" Plaintiff's pain would decrease her dependability. The ALJ, however, is not required to credit opinions based on assumptions unsupported by clinical data.

The Court finds on this record that the ALJ did not err when he gave only some weight to Dr. Betlinski's June 25, 2010, opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err at Step Four**.

Plaintiff asserts the ALJ erred when he found at Step Four that Plaintiff "needed to be up and moving to relieve her pain." Pl.'s Brief at 12-13. As noted, the ALJ found Plaintiff had the RFC to stand and to walk for four hours in an eight-hour day. The RFC, however, did not include a requirement that Plaintiff "be up and moving" to relieve pain. Accordingly, the Court concludes the ALJ did not err at Step Four with respect to a

12 - OPINION AND ORDER

finding that Plaintiff needed to be up and moving to relieve her pain.

**IV. The ALJ did not err at Step Five when he found Plaintiff could do other jobs existing in significant numbers in the economy.**

At Step Five the ALJ found based on the VE's testimony that Plaintiff could perform occupations such as production-line assembler at the sedentary level and "electronics worker wafer breaker."  Tr. 18.  Plaintiff contends the ALJ erred when he found Plaintiff could perform work as a production-line assembler, which is classified as light exertional work by the Dictionary of Occupational Titles (DOT), even though the ALJ had already found Plaintiff is limited to sedentary work.  Plaintiff also contends the ALJ erred when he found Plaintiff could perform work as an electronics wafer-breaker, which requires exposure to hazards, even though the ALJ concluded in his evaluation of Plaintiff's RFC that she should avoid exposure to hazards.

    **A.  Production-line assembler**

As noted, the ALJ found Plaintiff could perform work as a production-line assembler, which is classified as light exertional work by the DOT, even though the ALJ had already found Plaintiff is limited to sedentary work.  The Ninth Circuit has made clear when a VE's testimony appears to contradict the DOT, the ALJ "must . . . determine whether a conflict exists.  If it does, the ALJ must then determine whether the [VE's] explanation

13 - OPINION AND ORDER

for the conflict is reasonable and whether a basis exists for relying on the [VE] rather than the [DOT]."  *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007).  When the ALJ has completed this analysis, the ALJ may rely on the VE rather than the DOT.  *Id*.

At the September 22, 2010, hearing the ALJ testified "25 percent of [production-line assembly jobs] are at the sedentary level, which would fit this hypothetical profile more." Tr. 56.  Thus, the ALJ established the VE's testimony conflicted with the DOT description of the position and obtained an explanation for the deviation from the VE based on the VE's expertise and experience.  Accordingly, the ALJ did not err when he relied on the VE's testimony related to the production-line assembler job or when he concluded Plaintiff could perform that job at the sedentary level.

**B.  Electronics wafer-breaker**

Plaintiff contends the ALJ erred when he found Plaintiff could perform work as an electronics wafer-breaker, which requires exposure to hazards, even though the ALJ concluded in his evaluation of Plaintiff's RFC that she should avoid exposure to hazards.  The Commissioner concedes the ALJ erred but asserts the error is harmless because the ALJ properly concluded Plaintiff could perform other work in the national economy as a production-line assembler.  The Court agrees.

14 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 24th day of April, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER